R.J. MCMAHON, Commissioner of Savings and Loan
You indicate that savings and loan associations are authorized to make a limited number of consumer-type home improvement loans under sec. 215.20, Stats. Such loans are often made to persons whose first mortgage is already held by the same savings and loan *Page 558 
association. Prior to the enactment of ch. 428, Stats., which governs first lien real estate loans, these loans were regulated by the Wisconsin Consumer Act, chs. 421 through 427, Stats. Noting the substantial differences in procedural requirements, as well as differences in sanctions for improperly handling loans between ch. 428, Stats., and the Wisconsin Consumer Act, you are interested in determining the scope of loans that are regulated by ch. 428, Stats.
You request my opinion as to the meaning of "equivalent security interest" as that term is used in sec. 428.101, Stats., created by ch. 18, Laws of 1973, which provides:
 "Applicability. This chapter shall apply to loans by a creditor to a customer secured by a first lien real estate mortgage or equivalent security interest on which the annual percentage rate does not exceed 12% per annum and the amount financed is $25,000 or less."
Specifically you ask, does a second mortgage taken by a savings and loan association, which also holds the first mortgage, constitute an "equivalent security interest" for purposes of sec.428.101, Stats., where there are no intervening liens between the second and the first mortgage on the subject property?
It is my opinion that it does.
The Commissioner of Banking is responsible for administering the Consumer Act under ch. 426, Stats. Pursuant to his administrative authority, the Banking Commissioner has adopted 1 Wis. Adm. Code, Bkg 80.261, which provides as follows:
 "Additional charges; equivalent security interest. The term `equivalent security interest' as used in section 422.202 (2) (b) shall include a seller's interest under a land contract or a first lien deed of trust, and a second mortgage where there are no intervening liens and the mortgagee holds the first mortgage on the subject property. For cross reference application of this definition, see also sections 422.303 (4), 422.306 (2), 422.408 (6), 422.409 (2) and 422.411 (2), Wis. Stats." (See also sec. 422.208.)
Transactions subject to ch. 428, Stats., are expressly excluded from the control of the Consumer Act by sec. 421.202 (7), Stats. *Page 559 
However, the Banking Commissioner does have certain enforcement responsibility for ch. 428, Stats., by reason of sec. 428.106 (5), Stats. In adopting rules pertaining to the Consumer Act, the Banking Commissioner acts pursuant to a specific obligation of rule-making authority. Sec. 426.104 (1) (e), Stats. It would appear that this delegation of authority does not extend in application to ch. 428, Stats., because of the provision of sec.428.106 (5), Stats., which provides:
 "(5) The administrator specified in s. 426.103, solely through the department of justice, may on behalf of any customer institute an action to enforce this chapter and to recover the damages and penalties provided for this chapter. In such action he may obtain an order restraining by temporary or permanent injunctions any violation of this chapter. This subsection shall not be construed to incorporate or grant to the administrator with respect to the enforcement of this chapter, any of the provisions of ch. 426."
The clear intent of the legislature, as indicated by the above language, was to provide the Commissioner of Banking with limited powers to enforce ch. 428, Stats., in contrast to the broad scope of powers exercised by the Commissioner over the Consumer Act. The limiting language of sec. 428.106 (5), Stats., however, does not avoid the effect of sec. 227.014 (2) (a), Stats., which provides as follows:
 "(2) Rule-making authority hereby is expressly conferred as follows:
 "(a) Each agency is authorized to adopt such rules interpreting the provisions of statutes enforced or administered by it as it considers to be necessary to effectuate the purpose of the statutes, but such rules are not valid if they exceed the bounds of correct interpretation."
As a result, although the enforcement power of the Banking Commissioner over ch. 428, Stats., is limited, it is sufficiently broad in scope to encompass the authority to adopt rules construing provisions of that chapter. Consequently, the above quoted rule of the Commissioner of Banking, 1 Wis. Adm. Code, Bkg. 80.261, controls the meaning of "equivalent security interest" as used in ch. 428, Stats. *Page 560 
I, therefore, conclude that a second mortgage taken by a savings and loan association, where the savings and loan association holds the first mortgage on the subject property and there are no intervening liens, constitutes an "equivalent security interest" for purposes of sec. 428.101, Stats.
VAM:JEA